UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JOHAN MARK DOEDEN,            )
                              )
           Petitioner,        )
v.                            )     No. 1:09-cv-047-SEB-JMS
                              )
BRETT MIZE,                   )
                              )
           Respondent.        )

**Entry Denying Petition for Writ of
Habeas Corpus and Directing Entry of Judgment**

For the reasons explained in this Entry, the petition of Johan Mark Doeden ("Doeden") for a writ of habeas corpus must be **denied.**

### I. Nature of the Case

Doeden seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

### II. Parties

Doeden is confined at a state prison in Indiana. The respondent is Doeden's custodian, sued in his official capacity only as representative of the State of Indiana.

### III. Procedural Background

Doeden is serving a lengthy sentence following his convictions in the Madison Superior Court for two counts of class A felony child molesting, one count of class C felony child molesting, and one count of class C felony child exploitation. *Doeden v. State,* No. 48A02-0803-CR-274 (Ind.Ct.App. October 23, 2008). Doeden did not seek transfer to the Indiana Supreme Court of the decision in his direct appeal. This action was filed following the completion of his direct appeal.

### IV. Statement of Facts

Doeden molested his girlfriend's daughter over a period of 2½ years. He pled guilty to the charges he faced once this conduct became known to authorities. He seeks habeas corpus relief in the present action based on his arguments that Indiana's child molestation statute violates the Indiana Constitution and the Equal Protection Clause of the Federal Constitution.

## V. Standard of Review

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996).

"A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). In recognition of federal-state comity, a petitioner seeking federal habeas relief must establish that he presented "fully and fairly his federal claims to the state courts . . . . " *Chambers v. McCaughtry,* 264 F.3d 732, 737 (7th Cir. 2001). Fair presentment "requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992); see also *Sweeney v. Carter,* 361 F.3d 327, 332 (7th Cir. 2004)(a petitioner fairly presents his federal claim to the state courts when he articulates both the operative facts and the controlling legal principles on which his claim is based). The failure to do so constitutes a procedural default. *Badelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006).

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's "*actual* and substantial disadvantage,"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); see also *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002).

## VI. Analysis

Doeden's sole claim presented to the Indiana courts was his challenge to the sentences which were imposed. He prevailed as to this challenge, resulting in a reduction of his aggregate sentence from 116 years to 90 years. That challenge, moreover, was based on Indiana law only. That outcome is of no consequence here because such a challenge–a challenge based on state law–is not within the scope of § 2254(a). See *Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 112 S. Ct. 475, 480 (1991)). Additionally, there is no other basis on which the court could review this challenge. *United States ex rel. Hoover v. Franzen,* 669 F.2d 433, 436-37 (7th Cir. 1982)(neither the habeas corpus statutes nor principles of pendent jurisdiction allow collateral review of questions of state law). The same is true, and for the same reason, as to the claim in the present case that Doeden's conviction or sentence for child molesting violated the Indiana Constitution. *Cole v. Young,* 817 F.2d 412, 429-30 (7th Cir. 1987)("A judgment of a state court on a question of state law conclusively establishe[s] the meaning of that law. [I]t is for the [state] courts to say under its law what duty or discretion the court may have had . . . . We are not at liberty to conjecture that the trial court acted under an interpretation of the state law different from that which we might adopt and then set up our

own interpretation as a basis for declaring that due process has been denied. We cannot treat a mere error of state law, if one has occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.")(internal citations and quotations omitted)(dissenting opinion).

Even insofar as the present petition includes a coherent federal claim, moreover, he has committed twofold procedural default by (1) failing to fairly present a federal claim to the Indiana state courts, and (2) failing to seek transfer of the appellate decision to the Indiana Supreme Court. See *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)(holding that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1), and that the habeas petitioner's failure to present her "claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

## VII. Conclusion

"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). For the reasons explained in this Entry, Doeden has committed multiple layers and types of procedural default. He has neither acknowledged them nor has be shown the existence of circumstances permitting him to overcome them. The result is that he is not entitled to the relief he seeks, even without the merits of his claim being addressed. His petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/10/2009

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana